**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3912-16T4

IN THE MATTER OF THE
SEIZURE OF WEAPONS
BELONGING TO
J.D.M.

Submitted April 11, 2018 — Decided June 25, 2018

Before Judges Alvarez and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FO-02-0197-17.

Joseph L. Nackson, attorney for appellant J.D.M. (Joseph L. Nackson, of counsel; Jeffrey Zajac, on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent State of New Jersey (James W. Sukharev, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Appellant J.D.M. appeals from the March 17, 2017 Family Part order directing he forfeit a weapon and his firearms purchaser I.D. card (FPIC). We affirm.

On September 29, 2016, S.P. filed a complaint and obtained a temporary restraining order (TRO) against J.D.M. <u>See</u> Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 to -35. The TRO required him to surrender "<u>any and all firearms or other weapons</u> . . . and [his] firearms purchaser ID card." On October 13, 2016, after the weapon was seized, the TRO was dismissed.

The State moved for forfeiture of J.D.M.'s weapon and the revocation of his FPIC, arguing that N.J.S.A. 2C:25-21(d)(3) and 2C:58-3(c) disqualified him from firearm ownership. Judge Eugene H. Austin conducted a hearing at which the State proffered two witnesses, a Borough of Cliffside Park police officer and S.P., J.D.M.'s former wife. J.D.M. testified in support of his application for the return of the weapon and his continued ability to hold a FPIC. Judge Austin found that all the witnesses were credible and that none deliberately lied.

The officer testified regarding the 2002 investigation conducted when J.D.M. applied for the FPIC. At that juncture, police were unaware of J.D.M.'s mental health history, and the only criminal charge against him had been dismissed, as had another TRO.

S.P. testified that J.D.M., who is a veteran, had told her that upon his discharge from military duty, he had been diagnosed with post-traumatic stress disorder (PTSD) and anxiety. Shortly

before the parties' divorce in 2014, J.D.M. called S.P. from Englewood Hospital, where he had signed himself in to the psychiatric unit. His hospital stay lasted approximately one week. Later, J.D.M. told S.P. that he had almost overdosed and was having suicidal thoughts.

In ruling, the judge reiterated J.D.M.'s testimony that he did not continue with the medications prescribed by the Veteran's Administration (VA), because he experienced serious side-effects. J.D.M. denied ever attempting suicide and said he had no mental health problems before his military service.

Based principally on J.D.M.'s own words, the judge found that the return of his firearm was barred by N.J.S.A. 2C:58-3(c)(3). That statutory section stated that a FPIC should not issue, or a firearm be owned by

> any person who has ever been confined for a mental disorder[] . . . unless . . . the[y] . . . produce[] a certificate of a medical doctor or psychiatrist licensed in New Jersey, or other satisfactory proof, that he is no longer suffering from that particular disability in a manner that would interfere with or handicap him in the handling of firearms . . . .

Understanding that J.D.M.'s stay at the psychiatric unit was a voluntary, not involuntary, commitment, Judge Austin nonetheless concluded it fit within the parameters of the statute. J.D.M. acknowledged when he testified that he still participated in

3                                                      A-3912-16T4

regular mental health treatment.  We defer to the trial judge's credibility findings.  See In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997).

On appeal, J.D.M. raises the following points:

> POINT I:
> BECAUSE THE RECORD FAILS TO ADEQUATELY SHOW THAT [J.D.M.] WAS HOSPITALIZED FOR A MENTAL DISORDER, THE CHANCERY DIVISION ERRED IN FORFEITING HIS RIGHT TO RETAIN HIS HUNTING RIFLE.
>
> A.    The State Failed To Satisfy Its Burden of . . . Proof Under N.J.S.A. 2C:58-3(c).
>
> B.    The Reasoning of the Law Division Does Not Support a Finding of a Mental Disorder Under N.J.S.A. 2C:58-3(c)(3).
>
> POINT II:
> BECAUSE [J.D.M.] WAS NOT "CONFINED" FOR A MENTAL DISORDER, N.J.S.A. 2C:58-3 DOES NOT APPLY TO THE INSTANT CASE.
>
> POINT III:
> THE DECISIONS IN HELLER AND MCDONALD BY THE UNITED STATES SUPREME COURT REQUIRE AN ENHANCED BURDEN OF PROOF UNDER N.J.S.A. 2C:58-3(c).

With one exception, we do not discuss the alleged errors as they lack merit.  See R. 2:11-3(e)(1)(E).  We affirm for the reasons stated by Judge Austin.  Additionally, we comment upon an argument the State raises.

A trial court must grant the State's forfeiture motion if, by a preponderance of the evidence, it is proven that the return

of the weapons seized "would not be 'in the interest of the public health, safety or welfare'"  In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 513 (2016) (quoting N.J.S.A. 2C:58-3(c)(5)).  In matters involving firearms permits and the forfeiture of weapons, we only set aside those rulings which are not supported by sufficient credible evidence.  See State v. Cordoma, 372 N.J. Super. 524, 535 (App. Div. 2004).

J.D.M. alleges that the landmark United States Supreme Court decisions in District of Columbia v. Heller, 554 U.S. 570 (2008), and McDonald v. City of Chicago, 561 U.S. 742 (2010), require an enhanced burden of proof under N.J.S.A. 2C:58-3(c).  Judge Austin applied the current standard, by the preponderance of the evidence. Years after those cases were decided, our Supreme Court reiterated that New Jersey's standard of proof for forfeiture remains the preponderance of the evidence.  In re F.M., 225 N.J. at 508.  We see no reason to deviate from binding precedent.

The State argues in the alternative that the judge could have also found J.D.M. disqualified by application of N.J.S.A. 2C:58-3(c)(5).  We see no need to reach that issue given our affirmance.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION